COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-155-CV

 

 

IN RE RUSSELL JAY REGER                                                                   

 

                                              ------------

 

            FROM
THE 96TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.  Introduction

In one issue, inmates Russell
Reger (Appellant) and Randal Caraway (Intervenor), who were tried for murder in
1996, assert that Judge Jeff Walker abused his discretion Aby failing to first address the prima facie contention of his conflict
of interest and disqualifications in this case before issuing his illegal null
and void order of dismissal, dated April 25, 2007.@  

 








II.  Background

This litigation began when
Reger filed a rule 202 petition to take the depositions of the Honorable Clyde
Ashworth and Ouida Stevens concerning his allegation that the Honorable James
K. Walker, a retired judge who presided at his murder trial, did not properly
preside because of his failure to timely take a particular oath.  Caraway filed a motion to intervene in the
suit, noting that, with regard to his intervention, AThis Action Is Not a Suit@ concerning a similar allegation that the Honorable Bill Burdock also
did not properly preside over his trial.[2]  








Judge Jeff Walker signed an
order of dismissal in this litigation on April 25, 2007, in accordance with
section 14.003 of the civil practice and remedies code.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 14.003 (Vernon 2008). 
Reger subsequently filed APetitioner Reger=s Motion to
Disqualify/Recuse Judge Jeff Walker.@  A hearing was held on this
recusal motion by another district court judge, with Reger and Caraway
appearing by phone, and the motion was denied June 29, 2007.  Motions for new trial, motions for leave to
file mandamus, and objections to the denial of the recusal/disqualification
motion were also filed, along with this appeal. 


III.  Analysis

Reger and Caraway initially
complained that Reger had instructed the district clerk in a letter not to file
the rule 202 petition in Judge Jeff Walker=s court because he had previously recused himself during Caraway=s rule 202 petition case.  There
is no provision by statute or rule that would allow a litigant to tell the
district clerk in which court a suit may not be filed.[3]  Further, cases are assigned to courts in
Tarrant County at random by computer generated selection, not by the whim of
the district clerk.  

Section 14.003(a) of the
civil practice and remedies code allows a court to dismiss an inmate=s claim even before service of process if the court determines that
the claim is frivolous and malicious, which the trial court found in this
case.  Tex.
Civ. Prac. & Rem. Code Ann. ' 14.003(a).  That issue,
however, is not before us.  Rather,
according to Reger and Caraway, the issue 
is whether Judge Jeff Walker failed to disqualify or recuse himself.[4]  








Because the motion to
recuse/disqualify Judge Jeff Walker was not filed until after he had dismissed
Reger and Caraway=s case, he
appropriately considered the matter pending in his court without recusing or
disqualifying himself.  See Tex. R. Civ. P. 18a(c).  The later-filed motion to recuse/disqualify
was heard by a different judge, who denied it.    








The grounds for
disqualification are found in Article V, Section 2 of the Texas Constitution
and in Rule 18b(1) of the Texas Rules of Civil Procedure.  See Tex.
Const. art. V, ' 2; Tex. R. Civ. P. 18b(1).  There was no evidence before the court that
any of these disqualification grounds were applicable.  The grounds for recusal are found exclusively
in Rule 18b(2) of the Texas Rules of Civil Procedure.  Tex.
R. Civ. P. 18b(2).  Having
reviewed the AMotion to
Disqualify/Recuse Judge Jeff Walker@ and the transcript of the motion hearing, we hold that the court did
not err in denying the motion.  We would
also observe that, just because a trial judge voluntarily recuses himself in
one case,[5]
this does not necessarily require his recusal in another case that may or may
not appear to be identical, and that may or may not have, upon examination,
identical reasons articulated with regard to the issue of recusal.[6]   

Reger and Caraway also
complain that they did not find out in time that their prohibited and
ineffective directive to the district clerk had, of course, not been followed,
and were unable to file their Motion to Recuse/Disqualify before the court
dismissed their case.  This argument is
without merit because it is mooted by the fact that their motion was heard by a
different judge and properly denied.  

IV.  Conclusion

Having overruled Reger and
Caraway=s single issue, we affirm the trial court=s judgment.

 

 

BOB MCCOY

JUSTICE

 

PANEL B:   GARDNER, WALKER, and MCCOY, JJ.

 

DELIVERED:
May 8, 2008

 











[1]See Tex. R. App. P. 47.4.





[2]This
court has previously disposed of Caraway=s attempt to take Judge
Burdock=s
deposition.  See In re Caraway,
No. 02-05-00359-CV, 2007 WL 1879768, at *6-7 (Tex. App.CFort
Worth June 28, 2007, orig. proceeding) (mem. op.). 





[3]Nor
is there any that would allow a litigant to tell the district clerk in which
court to file a lawsuit.  





[4]Or,
at least, that is what we deduce from the wording in their issue and brief.





[5]In their appellate brief, Reger and
Caraway quote the following from Judge Jeff Walker=s letter of recusal in Caraway=s previous case: A[S]olely based on your pleading
that >Judge Jeff Walker should be recused
because there is a propensity (sic) that he may become a party to the potential
claim or suit.= 
I am going to voluntarily step aside and assign another judge to hear this
matter.@





[6]We refer to this as the AGrapefruit Rule.@ 
Grapefruit look alike on the outside, but when you open them up, one can
be pink and one can be yellow.  Thus, you
cannot tell what you have in a grapefruit color until you examine the
individual grapefruit=s inside.